1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  | UNITED STATES OF AMERICA,    ) Case No.: 5:16-po-00078 JLT
12  |              Plaintiff,      ) ORDER AND RULING ON BENCH TRIAL
13  |      v.                      )
14  | HENRY W. STEVENS,            )
15  |              Defendant.      )

16

17      In this action, the government claims Henry Stevens struck a Forest Service volunteer
18  campground host after the volunteer confronted Mr. Henry with the fact that he was not permitted to
19  allow his dogs to be off-leash. The Government charges him with a violation of 36 C.F.R. 261.3(c), a
20  Class B misdemeanor.
21      The Court held a bench trial on July 5, 2016 and took the matter under submission after
22  receiving a closing brief filed by the defendant's attorney on July 22, 2016. After considering the
23  evidence presented at trial, the Court finds Mr. Henry is **GUILTY** of the offense.
24  **I.    Relevant Factual[1] and Procedural  Background**
25      In the afternoon on January 30, 2016, Camp Host Volunteer, Roger Carlson, returned to his RV
26  at Camp 9, where he lived as the campground host. At the time, the campground was closed for
27
28

---

[1] The facts stated here are those that the Court finds as true after hearing the testimony at trial.

1

camping but day use, including dog-walking, was permitted. Mr. Carlson had returned to the RV to shower after having worked in a different area earlier in the day.

By this time, Carlson had been a volunteer with the Forest Service in the Sequoia National Forest for five years though he had been a volunteer with the Forest Service in Montana before that. His work was "24/7" as the camp host because he was obligated to assist those using the area and to answer users' questions.  Mr. Carlson did not receive pay for this work or the other work he did, which included picking up trash, cleaning bathrooms, etc., but in exchange, the Forest Service allowed him to live on forest lands and provided him "free hook-ups" for his RV.

As he exited his RV after showering, Carlson saw two or three dogs running loose and located the dogs' owner, Henry Stevens.  Carlson was aware that the dogs had run freely through the area weeks before and had urinated on his RV's tire covers.  Carlson approached and introduced himself and told Mr. Stevens that dogs must be leashed.  One of Mr. Carlson's express duties was to instruct area users of the rules of the campground and he had been given specific training to know how to do so.

Mr. Stevens became agitated and began cursing and yelling disparaging comments at Carlson and the government in general.  Carlson walked Stevens up to the kiosk on which there were signs posted that indicated that dogs must be on a leash. When he did so, Stevens swung a "green dog stick"[2] and struck Carlson on his back, though the blow was not hard.  Carlson confronted Stevens about Stevens striking him and Stevens continued to rant in response.  Carlson told him he was going to call law enforcement and Stevens became further agitated.

Carlson left the area and returned to his camp and called law enforcement.  A Forest Service Officer appeared at the scene and cited Mr. Stevens for violating 36 C.F.R. 261.3(a), a Class B misdemeanor.  This regulation prohibits "[t]hreatening, resisting, intimidating, or interfering with any forest officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System . . ."

At the trial and after the close of evidence, the Forest Service moved the Court to amend the charge to state a violation of 36 CFR § 261.2(c) which addresses conduct directed at volunteers, rather

---

[2] The Court understood the "stick" to be a "chuck-it" which is plastic handle with a curved, cupped end from which an owner can throw a ball for dogs.

2

than Forest Service officers. The Court granted the motion and permitted the defendant a continuance of the trial to prepare for the amended charge and indicated it would reopen the presentation of evidence if counsel determined this was desired.  The defendant's attorney requested time to file a brief.  The Court granted the request and instructed counsel that if she wished to reopen evidence, she need only note this in her brief and the Court would set the matter for further evidentiary hearing. However, when the defendant filed the brief, the attorney did not seek to present additional evidence.

**II.     Analysis**

Title 36, section 261.3(c) of the Code of Federal Regulations prohibits,

> Threatening, intimidating, or intentionally interfering with any Forest officer, volunteer, or human resource program enrollee while engaged in, or on account of, the performance of duties for the protection, improvement, or administration of the National Forest System or other duties assigned by the Forest Service.

Under this regulation, the Court concludes that when Mr. Stevens struck Mr. Carlson with the "stick," he interfered with the Forest Service volunteer.  The defendant argues that at the time of the incident, Mr. Carlson had been intending to take his own dogs for a walk and, therefore, was on a "frolic of his own" rather than conducting Forest Service business. (Doc. 12 at 2)  In drawing this conclusion, the defendant ignores that Mr. Carlson was diverted from his personal activity when he saw the dogs running off the leash.  Rather than pursuing his private business, Mr. Carlson walked over to Mr. Stevens to inform him that the Forest Service rules required Mr. Stevens to have his dogs on leashes.  Providing this type of instruction was within the job duties of the volunteer camp host. Indeed, Mr. Stevens did not strike Mr. Carlson until after the two had walked from this location to the kiosk where Mr. Carlson attempted to show Mr. Stevens the signs posted on it requiring dogs be leashed.  Under no interpretation of the evidence can the Court find that this conduct—attempting to educate Mr. Stevens about the rules of the campground—was a frolic of his own.

Moreover, as noted above, the regulation prohibits interference not only when the volunteer is "engaged in" his Forest Service duties but also when he acts "on account of" these duties.  Thus, though Mr. Carlson was not actively involved in his duties when he first noticed Mr. Stevens' dogs running off leash, he certainly was acting "on account of" these duties when he was forced to abandon his personal activities and intercept Mr. Stevens to attempt to instruct him on the rules related to dogs

in the camp.

On the other hand, the Court agrees that no matter how offensive Mr. Stevens' speech was, it does not appear that his words threatened Mr. Carlson with harm.  Thus, the Court does not find Mr. Stevens guilty because of the statements he made.  Rather, the Court finds him guilty because he struck Mr. Carlson while Mr. Carlson was attempting to provide Mr. Stevens information about the regulations of the camp.

The defendant argues that he did not intimidate Mr. Carlson because Mr. Carlson did not see Mr. Stevens raise the green stick before Mr. Stevens struck him with it.  The defendant is correct that Mr. Carlson testified that he had turned when Mr. Stevens struck him on the back—connecting with his jacket—with the green stick.  However, the Court need not consider whether this constitutes intimidation, given its findings that Mr. Stevens' interfered with the performance of Mr. Carlson's duties.

### III.     Findings and Conclusions

For the reasons set forth above, the Court finds that on January 30, 2016, on federal lands within the Sequoia National Forest, Mr. Stevens intentionally interfered with a volunteer of the United States Forest Service while he was engaged in, or on account of, the performance of the duties assigned to him by the Forest Service.  Therefore, the Court finds Mr. Stevens GUILTY of violating 36 C.F.R. 261.3(c) as charged in the citation as amended.

Mr. Stevens is **ORDERED** to appear at the United States Courthouse, located at 510 19th Street, Bakersfield, California on **October 4, 2016 at 9:00 a.m.** for sentencing.

IT IS SO ORDERED.

Dated: **August 29, 2016**                    /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE